### TALAMANTEZ v. AETNA CASUALTY & SURETY CO.

#### No. 13666.

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1952.

G. Woodson Morris, San Antonio, Tex., for appellant.

Nat L. Hardy, Carl Wright Johnson, Alfred W. Offer, San Antonio, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This action by appellant to recover under the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., for the alleged total and permanent loss of use of his right hand and arm, was instituted against appellee, the employer's insurance carrier.

During the trial, the claim as to the arm was abandoned, but plaintiff still claimed total and permanent loss of use of his right hand. It was undisputed that appellant lost the distal or terminal phalanges of the second and third fingers on his right hand by amputation, as a result of an injury sustained while working with a "shearing machine" in the employ of Nelson Tanning Corporation. The issue was whether or not the hand injury was limited to the loss of the distal or terminal phalanges of the fingers, as contended by the insurance carrier, or resulted in a more extensive hand injury, as contended by plaintiff. The action was brought under the Texas statute,

Art. 8306, sec. 12, providing a schedule of benefits for specific injuries. Upon special issues submitted to it, the jury found that plaintiff's injury was confined solely to the loss of the distal or terminal phalanges of said fingers. Judgment was entered accordingly.

On appeal, the sole error assigned is that the trial court submitted appellee's defense of limited injury in the form of two special issues substantially identical in form, which, appellant contends, unduly and prejudicially emphasized the defense, and required him to "disprove" the defense twice. In substance, appellant claims that this repetition was an intimation that the judge favored the defense, and that it gave the jury two chances, instead of one, to answer favorably to defendant.

This contention overlooks the fact, however, that it also gave the jury two chances to answer favorably to appellant, plaintiff below. Though special issues one and ten [1] are directed to the same question, they are worded with scrupulous fairness and impartiality to the parties. There is nothing coercive in them, nothing which intimates the trial judge's views, nor any indication as to how they should be answered. Proof sufficient to induce an answer favorable to the plaintiff as to one of said issues would necessarily induce a like answer to the other. Either would have sufficed to determine the issue, and one of them could just as well have been omitted, but for the reasons already stated, we find nothing prejudicial to plaintiff in submitting both.

We are convinced that there was nothing in the action of the trial court which is inconsistent with substantial justice, nor which would tend to prejudicially affect the substantial rights of the parties. 28 U.S.C.A. § 2111, and Federal Rules of Civil Procedure, Rule 61, 28 U.S.C.A.

Affirmed.

1. Special Issue No. 1.

"Do you find from a preponderance of the evidence that the injury sustained by the plaintiff on the occasion in question in the loss of the distal phalanges of the middle and ring fingers of the right hand is not solely confined to the loss of such distal phalanges?

"You will answer: 'Such injury is solely confined to the loss of such distal phalanges,' or 'such injury is not solely confined to the loss of such distal phalanges.'

"Answer: Such injury is solely confined to the loss of such distal phalanges."

Special Issue No. 10.

"Do you find from a preponderance of the evidence that plaintiff's injury was not limited to the specific loss of the terminal or distal phalanges of the second and third fingers of the right hand?

"(You will) answer: 'The injury was not, limited to the specific loss of such phalanges,' or 'injury was limited to the specific loss of such phalanges' as you may find.

"Answer: The injury was limited to the specific loss of such phalanges."